**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SHERITA COOPER,**

      **Plaintiff,**

vs.                                   **CASE NO.:**

**WYNDHAM VACATION OWNERSHIP,
INC.**

      **Defendant.**
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff SHERITA COOPER ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant WYNDHAM VACATION OWNERSHIP, INC., a Foreign Profit Corporation ("Defendant" or "Wyndham"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this claim for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon her disability or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

2. Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of her medical condition.

3. Plaintiff was wrongfully terminated as the culmination of discrimination and

retaliation against her.

## JURISDICTION

4. This Court has original jurisdiction over Plaintiff's claims pursuant to Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

5. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Orange County, Florida.

6. Plaintiff is protected by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

7. Plaintiff timely filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging ADA violations and retaliation.

8. Plaintiff was issued her Notice of right to sue on Charge No. 511-2018-02462 on July 3, 2019.

9. Plaintiff filed this Complaint within 90 days of receiving her Notice of right to sue.

10. Plaintiff's claims are therefore timely filed.

## PARTIES

11. Plaintiff worked for Defendant from approximately from January 5, 2018 through February 8, 2018, as a Vacation Planner.

12. At all times material to this action, Defendant, was and continues to be a Foreign For-Profit Corporation.

13. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business in, among other counties, in Orange

County, Florida.

14. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

15. At all times material to this action, Defendant was, and continues to be an "employer" within the meaning of the ADA.

16. Defendant is also employer as defined by ADA, as it employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

## GENERAL ALLEGATIONS

17. On or about February 7, 2018, while at work, Plaintiff began to experience chest pains and shortness of breath and as a result, she fainted. Wyndham's on-sight nurse required that Plaintiff immediately go to the hospital emergency room. The emergency room doctor discovered that Plaintiff had blood clots in the heart, a disabling condition as that term is defined under the ADA, as amended.

18. A blood clot in the heart causes your chest to hurt or feel heavy and can cause a heart attack. Lightheadedness and shortness of breath are other potential symptoms.

19. After seeing the emergency room doctor, Plaintiff was hospitalized and required to stay overnight for observation. Plaintiff was released the next day, February 8, 2018. Following her release from the hospital, Plaintiff contacted Wyndham to let them know that she was out of the hospital and would return to work the next day, February 9, 2018. However, a couple of hours later, Plaintiff received a call from Wyndham informing Plaintiff that her employment had been terminated.

20. Thus, Plaintiff was covered by the ADA, as amended, because her physical impairment substantially limited one or more major life activities.

21. Plaintiff has a record of a physical impairment that limits one or more major life activities.

22. Plaintiff was regarded as having a physical impairment that substantially limits one or more major life activities.

**COUNT I – VIOLATIONS OF AMERICANS WITH DISABILITY ACT**

23. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1 through 22, above.

24. Plaintiff suffers from a disability as defined by the ADA.

25. Plaintiff is protected by the ADA:

a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

26. Defendant was at all material times an "employer" as envisioned and defined by the ADA.

27. Defendant saw Plaintiff's disability as an opportunity to get rid of an employee because it perceived/regarded her as disabled and/or based on her disability

28. Plaintiff's medical condition is a protected disability under the ADA, as amended. See 42 U.S.C.§12102.

29. Defendant's actions unquestionably constitute disability discrimination in

violation of the ADA, as amended.

30. Given the timing and circumstances leading to Plaintiff's termination, Defendant's actions unquestionably constitute disability discrimination in violation of the ADA.

31. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

32. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with a reasonable accommodation.

33. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

34. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

35. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

36. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is the member of protected classes as envisioned by the ADA.

37. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of her disability and/or "perceived disability," and request for accommodation regarding same.

38. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

39. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

40. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

41. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

42. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

43. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

WHEREFORE Plaintiff, SHERITA COOPER, demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RETALIATION UNDER ADA

44. Plaintiff reincorporates and readopts all allegations contained within

paragraphs 1–22 above.

45. Plaintiff was, at all times relevant, eligible for ADA-covered accommodation.

46. Defendant was Plaintiff's employer as defined by the ADA.

47. Defendant retaliated against Plaintiff because she exercised her rights under the ADA by seeking an accommodation.

48. Defendant had actual knowledge of the retaliatory conduct of Plaintiff's supervisors.

49. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

50. Defendant's retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for ADA-covered accommodation.

51. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADA.

52. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered harm for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

53. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

54. Defendant's violations of the ADA were willful.

55. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to

represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

56. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE Plaintiff, SHERITA COOPER, demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 30th day of September, 2019.

Respectfully submitted,

**s/Anthony Hall**
**Anthony J. Hall, Esq.**
Florida Bar No.: 40924
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32801
MAILING: , P.O. Box 530244
Atlanta, GA 30353-0244
Direct Tel.:    (407) 418 2079
Facsimile:    (407) 245-3390
Email: ahall@forthepeople.com
Counsel for Plaintiff